**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4672**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

STANFORD DEWAYNE CARSTARPHEN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:09-cr-00317-TDS-1)

_____

Submitted:  September 21, 2011        Decided:  September 28, 2011

_____

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanford DeWayne Carstarphen pled guilty pursuant to a written plea agreement to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). At Carstarphen's Rule 11 hearing, he reserved the right to challenge application of the Armed Career Criminal Act. At sentencing, Carstarphen's counsel objected to the presentence report's recommendation that Carstarphen be sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e). Specifically, Carstarphen claimed that one of his prior convictions should not count as a felony because under the North Carolina Structured Sentencing Act he could not have received a sentence in excess of one year due to his prior record level. N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009). Carstarphen acknowledged that this argument was then foreclosed by this court's decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), but argued that Harp should be overruled.

On appeal, the only issue Carstarphen raises is whether he should have been sentenced as an armed career criminal and therefore subject to enhanced penalties. Section 924(e) subjects a violator of section 922 to enhanced penalties if he has "three previous convictions by any court . . . for a violent felony or serious drug offense, or both." 18 U.S.C. § 924(e)(1). A "violent felony" must, among other requirements,

2

be "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). The record and state law support Carstarphen's contention that his prior offense was punishable by no more than eight months' imprisonment. When Carstarphen raised this argument in the district court, it was foreclosed by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in United States v. Simmons, __ F.3d __, 2011 WL 3607266 (4th Cir. 2011) (en banc).

Because Carstarphen has not challenged his conviction on appeal, we affirm his conviction. In light of our decision in Simmons, we conclude that Carstarphen's argument on appeal has merit. Therefore, we vacate Carstarphen's sentence and remand the case to the district court for resentencing.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] We of course do not fault the Government or the district court for their reliance on, and application of, unambiguous circuit authority at the time of Carstarphen's sentencing.